RICHARD M. CUMMINGS, Respondent, v PACE UNIVERSITY SCHOOL OF LAW, Appellant. [666 NYS2d 457] —In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Rosato, J.), entered September 12, 1996, which denied its motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and award the defendant judgment as a matter of law, or for a new trial, (2) a judgment of the same court, entered September 12, 1996, which, upon the jury verdict, is in favor of the plaintiff and against the defendant in the principal sum of $521,000, and (3) a supplemental judgment of the same court, entered October 18, 1996, which awarded the plaintiff interest in the amount of $11,048 from June 18, 1996, until September 12, 1996.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment and the supplemental judgment are reversed, on the law, the order is vacated, the defendant's motion pursuant to CPLR 4404 (a) is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In a case denominated as one involving an alleged breach of an employment contract, the trial court, in effect, improperly allowed the jury to second-guess the defendant's decision not to grant the plaintiff tenure (*see, New York Inst. of Technology v*

*State Div. of Human Rights,* 40 NY2d 316, 322; *Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 38). No reasonable juror could have concluded, based upon the evidence adduced at the trial, that the defendant violated the tenure procedures set forth in its School Constitution or Faculty Regulations, which were incorporated by reference into the plaintiff's contract with the defendant. Moreover, it is of no consequence that the plaintiff sought damages for the alleged breach of an employment contract, rather than a determination that he be granted tenure, since it is clear that an award of damages based upon a finding that the plaintiff should have been granted tenure undermines the subjective, independent educational judgment properly left to "those equipped with the special skills and sensitivities necessary for so delicate a task" (*New York Inst. of Technology v State Div. of Human Rights, supra,* at 322). Consequently, that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and award the defendant judgment as a matter of law should have been granted.

In light of our determination, we do not reach the defendant's remaining contention. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.